**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES DEAN STUDIE,

    Defendant - Appellant.

No. 21-5087
(D.C. No. 4:20-CR-00095-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Charles Dean Studie pleaded guilty to a drug conspiracy and related firearms charges and received a 228-month prison sentence. He has appealed from that sentence despite the appeal waiver in his plea agreement. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Through counsel, Studie emphasizes that he retains the right to bring an ineffective assistance of counsel claim via 28 U.S.C. § 2255, but he concedes that his appeal waiver deprives him of any remedy on direct appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

When deciding a motion to enforce an appeal waiver, we normally ask: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.  But we need not address a *Hahn* factor that the defendant does not dispute.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). In light of Studie's non-opposition, we grant the government's motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam